UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | |
|---|---|
| IN RE: | |
| RAJEEVKUMAR CHENNATTU | : CHAPTER 7 |
|     DEBTOR | : CASE NO. 09-52602 |
| | |
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2007-PA2 | |
|     MOVANT | : DOC. I.D. NO. |
| VS | |
| RAJEEVKUMAR CHENNATTU | |
|     DEBTOR | |
| RONALD I. CHORCHES, TRUSTEE | : JANUARY 19, 2010 |
|     RESPONDENTS | |

## MOTION FOR RELIEF FROM STAY

The undersigned Movant, HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2007-PA2, a secured creditor of the above-named Debtor ("Debtor"), by and through its undersigned attorneys, pursuant to 11 U.S.C. Section 362 (d) and Bankruptcy Rule 4001, moves this Court for an Order affording relief from the automatic stay imposed by 11 U.S.C., Section 362(a) ("Stay") and as grounds therefore respectfully represents the following to the Court:

1. On March 5, 2007, the Debtor and Bindu Chennattu executed a promissory note in the original principal amount of $926,000.00. A copy is attached hereto as Exhibit A.

THIS FIRM IS A DEBT COLLECTOR. WE MAY BE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. AT THIS TIME, WE ARE ONLY SEEKING TO PROCEED AGAINST THE PROPERTY. IN THE EVENT OF A BANKRUPTCY DISCHARGE, NO DEFICIENCY JUDGMENT WILL BE ASSESSED AGAINST THE BORROWER.

2. To secure the note, the Debtor and Bindu Chennattu mortgaged the premises known as **23 Norton Road, Easton, Connecticut** by virtue of a mortgage dated March 5, 2007 of the Easton Land Records. A copy is attached hereto as Exhibit B. The Movant is the current holder of said note and mortgage.

3. The Movant seeks relief for the purpose of foreclosing its mortgage against the Debtor's interest in real property known as **23 Norton Road, Easton, Connecticut**. The Movant further seeks relief to allow the Movant or its servicing agent, at its option, to contact the Debtor by telephone or written correspondence and, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. If the Debtor received a Chapter 7 discharge after the Movant's loan was originated, any such agreement shall be non-recourse unless included in a reaffirmation agreement.

4. The fair market value of the property is $425,000.00 pursuant to Debtor's Schedule A. The amount of the Movant's debt is approximately $916,871.20 pursuant to Movant's Debt Calculation dated January 18, 2010, plus continuing interest, late charges, collection costs, loan advances, and attorney's fees.

5. Upon information and belief no interest or principal payments are being made to the Movant by the Debtor. As of January 18, 2010 the Debtor is contractually due for December 1, 2009.

6. Pursuant to Debtor's Schedule D, the following liens encumber the Property:

   a. Wells Fargo Bank, N.A. claims an interest in the property by virtue of a second mortgage in the approximate amount of $91,000.00

7. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. §362(d)(1), for cause, including lack of adequate protection of its interest in the subject property. The Debtor has not provided adequate protection of the Movant's interest in their property on the above obligation and therefore the Movant is entitled to relief from stay pursuant to 11 U.S.C. Section 362(d)(1) for cause.

8. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. §362(d)(2) if the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization. The Movant is entitled to relief from stay pursuant 11 U.S.C. Section 362 (d)(2)(A) because there is no realizable equity for the unsecured creditors and the property is not necessary for an effective reorganization.

9. The Movant requests an order allowing Movant to assess the Debtor's account with reasonable attorney's fees of up to $650 plus costs of $150 in connection with the preparation, filing, and prosecution of this Motion for Relief from Stay. Said note and mortgage identified in Paragraph 1 and 2 above contain provisions allowing the Movant to collect reasonable attorney's fees and costs in connection with enforcing the note and mortgage. If the Debtor received a Chapter 7 discharge after the Movant's loan was originated, such fees and costs shall be non-recourse against the Debtor unless the Movant's debt was included in a reaffirmation agreement.

10. The Movant also requests that this court order the that Bankruptcy Rule 4001(a)(3) is not applicable so that the Movant may immediately enforce and implement the requested order modifying the automatic stay.

WHEREFORE, the Movant requests relief from the Stay by allowing the Movant to foreclose its interests in the Debtor's real property known as **23 Norton Road, Easton, Connecticut**. The Movant further requests relief from stay to allow the Movant or its servicing agent, at its option, to contact the Debtor by telephone or written correspondence and, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. If the Debtor received a Chapter 7 discharge after the Movant's loan was originated, any such agreement being non-recourse unless included in a reaffirmation agreement.

The Movant finally requests that Fed.R.Bankr.P. 4001(a)(3) be declared inapplicable and that the Movant may immediately enforce the order.

Dated at Hartford, Connecticut this 19th day of January 2010.

THE MOVANT

By: *s/ Linda J. St. Pierre*
Linda J. St. Pierre, Esq.
Hunt Leibert Jacobson, P.C.
50 Weston Street
Hartford, Connecticut 06120
Telephone No. (860) 808-0606
Federal Bar No. CT 22287

VFP